UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

V.    CRIMINAL ACTION NO. 2:22-CR-35-KHJ-MTP-1

LAVARIS MARCEL EVANS

ORDER

Before the Court is pro se Defendant Lavaris Marcel Evans's [34] Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because it plainly appears that Evans is not entitled to relief, the Court denies the [34] Motion without ordering the Government to respond. *See* R. Governing Section 2255 Proc. for the U.S. Dist. Cts. 4(b). The Court dismisses five of Evans's six claims with prejudice. As for his sixth claim, which regards the alleged denial of presentence jailtime, the Court dismisses it without prejudice for lack of jurisdiction.

I.    Background

In September 2022, a grand jury returned a two-count [10] Indictment charging Evans with possessing methamphetamine with the intent to distribute (Count One) and being a felon in possession of a firearm (Count Two). [10] at 1. Several months later, Evans pled guilty to Count One of the [10] Indictment under a written [23] Plea Agreement. *See* 01/10/2023 Min. Entry; [23] at 1. In the [23] Plea Agreement, Evans waived his right to appeal or "contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction

proceeding, on any ground whatsoever, including" in a Section 2255 motion. [23] at 5. He waived those rights, among others, "in exchange for the United States Attorney entering into [the] [23] Plea Agreement and accompanying [24] Plea Supplement." *Id.* at 6.

At his change-of-plea hearing, Evans had the following exchange with the Court:

| | |
|---|---|
| THE COURT: | Did you have an opportunity to—to read the plea agreement and plea supplement, discuss those two documents with Ms. Allred before you signed them? |
| EVANS: | Yes, ma'am. |
| THE COURT: | Alright. Did you have an opportunity to ask her any questions that you had about those documents before you signed them? |
| EVANS: | Yes, ma'am. |
| THE COURT: | Do you feel like you fully understand the contents of both that plea agreement and the supplement? |
| EVANS: | Yes, ma'am. |

Change of Plea Hr'g [36] at 12:55–13:17. The Government then read the collateral-review waiver verbatim into the record. *Id.* at 15:07–15:55. And Evans stated that he agreed to all the terms in the [23] Plea Agreement and [24] Plea Supplement, including those that were read aloud. *Id.* at 16:58–17:09. Shortly after, the Court ensured that Evans had discussed the waivers with his attorney:

| | |
|---|---|
| THE COURT: | Do you understand that, through those waivers, if I sentence you to a sentence that's higher than you may anticipate that through those waivers you've given up your right to appeal that to a higher court? |
| EVANS: | Yes, ma'am. |

2

| | |
|---|---|
| THE COURT: | Now have you discussed the waivers with Ms. Allred? |
| EVANS: | Yes, ma'am. |
| THE COURT: | Have you had the opportunity to ask her any questions that you had about those waivers? |
| EVANS: | Yes, ma'am. |

*Id.* at 18:02–18:22.

The Court later sentenced Evans to 14 years and 1 month of imprisonment followed by 5 years of supervised release. J. [30] at 1–3. Consistent with his appeal waiver, Evans did not appeal, but ten months later, he moved to collaterally attack his conviction and sentence under Section 2255. *See* [34].[1] He raises six grounds for vacating his conviction and sentence:

1. The words "detectable amount of methamphetamine" in the [10] Indictment were unconstitutionally vague. *See id.* at 3.

2. The [10] Indictment did not include every fact used for sentencing. *See id.* at 3–4.

3. A jury needed to determine every fact related to sentencing. *See id.* at 4–8.

---

[1] Failure to raise a claim on direct review procedurally bars that claim in collateral proceedings unless a defendant can show (1) "cause and actual prejudice" or (2) actual innocence. *United States v. Cuff*, 79 F.4th 470, 476 (5th Cir. 2023) (cleaned up). Since Evans did not appeal his conviction, he may have procedurally defaulted his claims. *See id.* But when raising the procedural bar sua sponte, the Court must give the defendant "notice of the default bar" and "the opportunity to argue against it . . . ." *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019). As explained below, however, Evans's [34] Motion fails because he waived the right to collateral review, so the Court need not raise the procedural bar or reach the merits of his claims. *See United States v. Scruggs*, 691 F.3d 660, 671 (5th Cir. 2012).

4. The Court unconstitutionally sentenced him based on the weight of a mixture containing methamphetamine rather than the weight of the methamphetamine within the mixture. *See id.* at 6–7.

5. The Court violated his Second Amendment rights by increasing his Guideline range for possessing a firearm in connection with the offense. *See id.* at 8–11.

6. The Bureau of Prisons denied him seven months of presentence jail time. *Id.* at 11–12.

The Court now considers Evans's [34] Motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

II. Standard

When "it plainly appears from the [Section 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Governing Section 2255 Proc. for the U.S. Dist. Cts. 4(b); *see also* § 2255(b) (permitting denial of motion without hearing when "the files and records of the case conclusively show that the prisoner is entitled to no relief").

A defendant may validly waive the right to collateral review under Section 2255 in a plea agreement. *United States v. Crain*, 877 F.3d 637, 640 n.1 (5th Cir. 2017). Such waivers bar collateral review if they are (1) knowing and voluntary and (2) apply "to the circumstances at hand, based on the plain language of the agreement." *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020) (cleaned up). A "waiver is both knowing and voluntary if the defendant indicates that he read and understood the agreement and the agreement contains an explicit, unambiguous waiver of" collateral review. *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir.

4

2019) (cleaned up). Even so, a defendant may avoid a waiver on three grounds: ineffective assistance of counsel, a sentence exceeding the statutory maximum, or an insufficient factual basis for a guilty plea. *Barnes*, 953 F.3d at 388–89; *Crain*, 877 F.3d at 645. Otherwise, if a collateral-review waiver is enforceable, a court may raise and enforce the waiver sua sponte. *United States v. Del Toro-Alejandre*, 489 F.3d 721, 722–23 (5th Cir. 2007).

III. Analysis

The Court denies Evans's [34] Motion and dismisses his first five claims with prejudice as barred by his collateral-review waiver. *See id.*; [23] at 5. Since Evans's sixth claim challenges the execution of his sentence, the Court dismisses it without prejudice for lack of jurisdiction because it is not cognizable under Section 2255. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A. Claims Challenging the Validity of the Sentence

The record conclusively shows that Evans's collateral-review waiver is valid and bars him from bringing this Section 2255 [34] Motion collaterally attacking his conviction and sentence. *See Barnes*, 953 F.3d at 386. First, Evans's waiver was knowing and voluntary. At his rearraignment, Evans stated that he read the [23] Plea Agreement containing the unambiguous collateral-review waiver, spoke about the agreement and waiver with his attorney, and fully understood the agreement. [36] at 12:55–13:17, 16:58–17:09, 18:00–18:22. The Court finds that Evans knowingly and voluntarily waived his rights because he acknowledged reading and understanding the [23] Plea Agreement. *See Kelly*, 915 F.3d at 348.

5

Second, Evans waived his right to collaterally attack his conviction and sentence "on any ground whatsoever." [23] at 5. Thus, the waiver encompasses all the grounds for relief that Evans now raises. Additionally, nowhere does Evans raise any grounds that would permit him to avoid the waiver. His [34] Motion does not argue that he received ineffective assistance of counsel regarding the [23] Plea Agreement, and he fails to otherwise challenge the collateral-review waiver at all. *See* [34]. As a result, the Court finds that the waiver precludes him from bringing this Section 2255 [34] Motion.

B.  Claim Challenging the Execution of the Sentence

In his last ground for relief, Evans asks the Court to grant him seven months of presentence jailtime that he alleges the Bureau of Prisons (BOP) has not credited to him. [34] at 11–12. But a Section 2255 motion filed in the sentencing court may only challenge a sentence's validity. *Pack*, 218 F.3d at 452; *see also* § 2255(a). Evans's request to review the alleged denial of jailtime credit doesn't challenge the validity of his sentence; it attacks the BOP's "determination of its duration." *Pack*, 218 F.3d at 451. Thus, the proper vehicle for Evans to contest the denial of jailtime credit is a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See id.*

Because the Court issuing a writ of habeas corpus must have jurisdiction over a prisoner's custodian, the petition "must be filed in the same district where the prisoner is incarcerated." *Id.*; *accord Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Thus, this Court cannot simply construe Evans's present claim as a Section 2241 petition because it lacks jurisdiction to hear it. *See Rumsfeld*, 542 U.S. at 443.

Evans is incarcerated in the District of South Carolina. *See* Envelope [34-1]. So he must bring a Section 2241 petition in that district instead.

IV.     Conclusion

For the reasons stated above, the Court DENIES Evans's [34] Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and it finds that a Certificate of Appealability should not issue because Evans has failed to make a substantial showing of the denial of a constitutional right. It DISMISSES WITH PREJUDICE all his claims except for his presentence-jailtime claim, which the Court DISMISSES WITHOUT PREJUDICE. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

The Clerk is instructed to docket a copy of this Order in the civil case, *Evans v. United States*, 2:24-CV-192-KHJ, and to close the civil case.

SO ORDERED, this 19th day of December, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

7